

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00181-CR

_____

DONALD WAYNE SPICER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 159th Judicial District Court
Angelina County, Texas
Trial Court No. 21,024

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Donald Wayne Spicer, Jr., was originally placed on deferred adjudication community supervision in Angelina County[1] in connection with the alleged offense of aggravated sexual assault of a child in 1999. *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2010). In 2007, Spicer was adjudicated guilty of the offense, but again placed on community supervision.

Now, in this proceeding, Spicer's community supervision has been revoked, not based on any contention that he has committed any further offense, but for viewing pornography, cleaning the hard drive on his computer, having incidental contact with children under age seventeen, failing to pay six months of supervision fees, failing to be employed, and failing to attend counseling one month. After Spicer pled "true" to the allegations, the trial court found the allegations true and sentenced Spicer to ten years' incarceration. Spicer appeals that revocation.

Spicer's attorney on appeal[2] has filed a brief which discusses the record and reviews the proceedings in detail. He has set up several potential arguments and explained in detail why each fails to show a reversible error. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]In this proceeding, Spicer was represented by different appointed counsel at trial and on appeal.

requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Spicer January 8, 2011, informing Spicer of his right to file a pro se response and to review the record. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal. Spicer has neither filed a pro se response, nor has he requested an extension of time in which to file such response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[3]

Josh R. Morriss, III
Chief Justice

---

[3]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Date Submitted:      March 21, 2011
Date Decided:       March 22, 2011

Do Not Publish